IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION



| | | |
|---|---|---|
| SCOTT SAMUEL MONROE | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv389 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Scott Samuel Monroe, through counsel, filed the above-styled petition for writ of error *coram nobis*.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report which recommends that the petition be denied.

Petitioner filed objections to the magistrate judge's report and recommendation. The court therefore conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

The court has considered the magistrate judge's recommendation, the record, pleadings and all available evidence, and petitioner's objections. The court concludes that petitioner's objections raise no arguments that were not thoroughly examined and correctly analyzed by the magistrate judge. Specifically, the court concurs with the magistrate judge's determination that *coram*

*nobis* relief is an extraordinary remedy, and petitioner has not shown due diligence by waiting over 15 years to consult an attorney regarding an error that could have been discovered immediately after his conviction.

Further, the court agrees with the magistrate judge's conclusion that the trial judge's failure to specifically articulate elements of the offense was harmless error because other evidence suggests that petitioner was aware of the nature of the charge to which he pleaded guilty. The charge to which petitioner pleaded guilty was read to him twice, and was explained to him by his attorney prior to the conviction. Petitioner's affidavit, admitted during the guilty plea colloquy, contains petitioner's admission that he knowingly and willfully failed to report all of his income derived from the wholesale of used cars, and falsely reported taxable income to the Internal Revenue Service of only $4,050 when, in fact, it should have been $59,989. Thus, petitioner's conviction does not result in a complete miscarriage of justice.

Finally, the court does not agree that petitioner's conviction constitutes a complete miscarriage of justice for lack of any evidence of petitioner's guilt. The statements in petitioner's affidavit, outlined above, demonstrate petitioner was aware he had not reported all of his income and that his tax return contained a false statement as to his income. As a result, there was evidence

establishing that petitioner knowingly and willfully attempted to evade or defeat taxes.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying this petition.

**SIGNED** this 26th day of September, 2005.

_____
RON CLARK
UNITED STATES DISTRICT JUDGE